# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL DOYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 16-1322 |
| v. | ) |
| | ) Hon. Nora Barry Fischer |
| CHESWICK FACILITY OPERATIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court is Defendant Cheswick Facility Operations, LLC's Motion to Dismiss Plaintiff's Amended Complaint and supporting briefing, (Docket Nos. [23], [24]), and Plaintiff's response in opposition, (Docket No. [25]). After careful consideration of the parties' submissions; the allegations contained in Plaintiff's Amended Complaint, (Docket No. [21]); the standards governing motions to dismiss set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and as articulated in Third Circuit precedent, *see e.g.*, *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016); and for the following reasons, Defendant's Motion to Dismiss, (Docket No. [23]), is DENIED, without prejudice.

In so holding, the Court denies Defendant's Motion to Dismiss Plaintiff's Title VII claim at Count I, as it finds that Plaintiff has set forth sufficient allegations to state a plausible discrimination claim. Specifically, Plaintiff alleges that she worked as a dual employee of Defendant and 360 Healthcare Staffing, LLC ("360 Staffing"), which placed Plaintiff in her position with Defendant as a United manager. (Docket No. 21 at ¶ 7). On August 14, 2015,

Defendant accused Plaintiff of stealing a prescription opioid that was allegedly missing from a medication cart's inventory. (*Id.* at ¶¶ 13-14). Although several Caucasian employees had access to the medication cart where the allegedly missing drug was stored, Plaintiff was the only employee to be drug tested as a result of the incident. (*Id.* at ¶ 14). After Defendant contended that she had failed the drug test, Plaintiff's Physician's Assistant faxed a note to 360 Staffing, wherein she stated that Plaintiff had been prescribed phentermine, which can cause a positive result for amphetamines on a drug test. (*Id.* at ¶¶ 15, 18-19). After receiving Ms. Kropa's fax, 360 Staffing forwarded it to Defendant. (*Id.* at ¶ 19). Despite the documentation supplied by Plaintiff, Defendant terminated her employment. (*Id.* at ¶ 20).

Plaintiff's averments sufficiently allege a plausible claim of discrimination. *See, e.g.*, *Jones v. Lehigh Southwest Cement Co.*, No. 1:12-CV-633, 2013 U.S. Dist. LEXIS 84572, 9-10 (E.D. Cal. June 12, 2013) (denying motion to dismiss where the plaintiff alleged that he was the only employee subject to drug testing after a Caucasian employee caused damage to a truck); *Lee v. Aaron's Sales & Leasing*, No. 3:07-CV-418, 2009 U.S. Dist. LEXIS 88385, at *12 (N.D. Ind. Sept. 24, 2009) (denying motion to dismiss where the plaintiff alleged that "Defendant Aaron's Sales and Leasing only subjected African American employees, including Plaintiff, to drug testing"). *Cf. Butler v. Artic Glacier USA*, No. 15-CV-3302, 2016 U.S. Dist. LEXIS 134791, at *13-14 (E.D. Pa. Sept. 28, 2016) (dismissing the plaintiff's allegations that only Africa-American and Hispanic employees were required to take drug tests because the defendant had independent information that the plaintiff was selling and using drugs at work). The Court further notes that Defendant relies upon facts not alleged in the Amended Complaint and sets forth non-discriminatory reasons for terminating Plaintiff. (Docket No. 24 at 10). Such a position does not warrant dismissal under Rule 12(b)(6). *Fabian v. Allegheny Cnty.*, No. 15-CV-

292, 2015 U.S. Dist. LEXIS 158700, at *14 (W.D. Pa. Nov. 24, 2015) (finding that the defendant's position "raises an affirmative defense, relying on matters outside the pleadings, that cannot provide for dismissal under Rule 12(b)(6)") (citting *Morgan v. Covington Twp.*, 648 F.3d 172, 178-79 (3d Cir. 2011); *Bohus v. Restaurant.com, Inc.*, 784 F.3d 918, 930, n.1 (3d Cir. 2015)); *see also Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) ("In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Defendant's Motion to Dismiss Plaintiff's defamation claim at Count II is also denied, as the Court finds that Plaintiff has set forth sufficient allegations to state a plausible claim. Plaintiff alleges that "Defendant stated to 360 Staffing that [she] had stolen a prescription narcotic, and had failed a drug test." (Docket No. 21 at ¶ 21, 37). Plaintiff further avers that several months passed before she was offered another position through 360 Staffing. (*Id.* at ¶ 22). The Court acknowledges Defendant's argument that the face of Plaintiff's Amended Complaint makes clear that she failed the drug test to which she submitted. (Docket No. 24 at 12-13). However, the Court must reject Defendant's assertion that this case is akin to *Morrison v. Chatham University*, No. 16-CV-476, 2016 U.S. Dist. LEXIS 121227 (W.D. Pa. Sept. 8, 2016), wherein this Court dismissed the plaintiff's defamation claim because the face of her complaint made clear that she had, in fact, received a failing grade and was dismissed from a doctoral program. *Id.* at *11-13. In the instant case, the face of Plaintiff's Amended Complaint makes clear only that she tested positive for some substance when she was drug tested. Indeed, Plaintiff alleges that: (1) she had been prescribed a drug called phentermine for weight management; (2) her Physician's Assistant faxed a note to 360 Staffing, wherein she stated that

3

phentermine can cause a positive result on a drug tested; and (3) 360 Staffing forwarded the fax to Defendant. (Docket No. 21 at ¶¶ 17-19). Defendant's alleged statements that Plaintiff had stolen a prescription narcotic and failed a drug test, taken together, are defamatory.

Finally, the Court finds meritless Defendant's argument that Plaintiff's requests for punitive damages and legal fees should be stricken from her Amended Complaint. (Docket No. 24 at 14-16). First, if Plaintiff's allegations are proven at trial, a factfinder could reasonably conclude that such actions and/or inactions were sufficiently malicious, wanton, and willful to support an award of punitive damages. In any event, it is premature at this early stage to decide whether Plaintiff will be able to support a claim of punitive damages. *See, e.g.*, *Bowman v. Burroughs*, No. 2:07-185, 2007 U.S. Dist. LEXIS 36538, at *4 (W.D. Pa. May 17, 2007) (concluding that "at this early state of the proceedings . . . this Court cannot say that Plaintiff will be able to state no set of facts in support of his claim for punitive damages"); *Standen v. Gertrude Hawk Chocolates, Inc.*, No. 3:11-CV-1988, 2012 U.S. Dist. LEXIS 113004, at *34 (M.D. Pa. Aug. 10, 2012) (denying the defendant's motion to dismiss the plaintiff's claim for punitive damages under Title VII). Second, because Plaintiff includes her request for legal fees in a "wherefore" clause at the end of her Amended Complaint, the Court declines to address Defendant's arguments at this stage of the proceedings. *See, e.g.*, *Lane v. State Farm Mut. Auto. Ins. Co.*, No. 3:14-CV-1045, 2015 U.S. Dist. LEXIS 60064, at *17 (M.D. Pa. May 7, 2015) (explaining that "Count I does not contain its own demand for relief, thus implying that the 'Wherefore' clause at the end of the Complaint refers to all the Counts alleged" and holding that "Defendant's argument—which appears to ask the Court to construe the clause as only applying to Count II, and then to strike the demands that would otherwise be appropriate in the absence of such arbitrary narrowing—is both uncharitable and unduly formulaic").

For these reasons,

IT IS HEREBY ORDERED that Defendant Cheswick Facility Operations, LLC's Motion to Dismiss Plaintiff's Amended Complaint, (Docket No. [23]), is DENIED, without prejudice to renewing said arguments in a motion for summary judgment filed after the completion of fact discovery in this case; and

IT IS FURTHER ORDERED that Defendant shall file its Answer to Plaintiff's Amended Complaint by **February 28, 2017**.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: February 14, 2017

cc/ecf: All counsel of record